Jose Manuel TORRES, Petitioner— Appellant,

v.

D.L. RUNNELS; et al., Respondents— Appellees.

No. 04–15361.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided June 27, 2005.

Jose Manuel Torres, COSP–SATF California Substance Abuse Treatment Facili-

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, Corcoran Facilities ASE1 & E, Corcoran, CA, Pro se.

Jo Graves, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents— Appellees.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

### MEMORANDUM *

California state prisoner Jose Manuel Torres appeals the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Torres contends that the state trial court violated his due process rights by admitting evidence of an uncharged prior act of sexual molestation pursuant to California Evidence Code § 1108.[1] We disagree.[2]

Federal courts can grant federal habeas relief pursuant to 28 U.S.C. § 2254 only if the state court's decision is contrary to or an unreasonable application of clearly es-

tablished federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade,* 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The United States Supreme Court has never held that either the specific jury instruction used here (CALJIC 2.50.01) or the use of prior similar crimes to show propensity in a sexual offense case violates due process. In fact, the United States Supreme Court has expressly declined to rule on the constitutionality of the use of propensity evidence. *See Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Because there is no United States Supreme Court precedent holding that admission of evidence of prior sexual misconduct to show propensity violates due process, the state court's determination in this case cannot be contrary to or an unreasonable application of clearly established federal law and Torres is not entitled to habeas relief. 28 U.S.C. § 2254(d)(1); *see also United States v. LeMay,* 260 F.3d 1018, 1026 (9th Cir.2001) (holding that there is nothing fundamentally unfair about the allowance of propensity evidence under Federal Rule of Evidence 414 (the federal equivalent of California Evidence Code § 1108), as long as the protections of Federal Rule of Evidence 403 remain in place to ensure that potentially devastating evi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 1108 provides, in pertinent part, "(a) In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352."

Section 1101(b) provides: "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, prepara-

tion, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

Section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusion of the issues, or misleading the jury."

2. Because the parties are familiar with the facts of this case, we do not repeat them here.

dence of little probative value will not reach the jury, the right to a fair trial remains adequately safeguarded).

AFFIRMED.